IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM COLEMAN SCOTT,            )
                                  )
                    Petitioner,   )
                                  )
          v.                      )          1:22CV802
                                  )
EDDIE M. BUFFALOE, JR, et al.,    )
                                  )
                    Respondent.   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE


Petitioner, a pretrial detainee in North Carolina, submitted a habeas corpus petition under 28 U.S.C. § 2241 in which he seeks to attack his pretrial custody. For the following reasons, the Petition cannot be further processed.

1.     Petitioner seeks to have the Court intervene in his ongoing state court criminal case. It is not ordinarily proper for this Court to do so. Such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner does not set out such circumstances in his Petition. His claims are simply conclusory statements that his rights have been violated without sufficient supporting facts. Also, one of his contentions is that he received a lethal injection before any trial. This is claim is clearly false or delusional, as Petitioner remains alive. Further, Petitioner must exhaust his state court remedies as to the claims he raises. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-92 (1973). Petitioner admits that he did not exhaust his state court remedies.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the

defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2241 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition after exhausting his claims in state court. The new petition must be accompanied by either the five-dollar filing fee or a current application to proceed *in forma pauperis*.

This the 26th day of September, 2022.


_____/s/  Joe L. Webster_____
United States Magistrate Judge

2